IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-108-D

| | | |
|---|---|---|
| KIMBERLY CALHOUN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

On July 22, 2014, Magistrate Judge Gates issued a Memorandum and Recommendation ("M&R") [D.E. 41]. In that M&R, Judge Gates recommended that the court deny plaintiff's motion for summary judgment [D.E. 25], deny plaintiff's motion for default judgment [D.E. 28], grant plaintiff's motion to amend her summary judgment motion [D.E. 30], grant defendant's motion for judgment on the pleadings [D.E. 33], and affirm defendant's final decision. On August 15, 2014, plaintiff filed objections to the M&R [D.E. 44]. On August 19, 2014, defendant filed a response to plaintiff's objections [D.E. 45]. On August 21, 2014, plaintiff filed amendments to her objections [D.E. 46].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (alteration in original) (emphasis and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R, the record, and plaintiff's objections. As for those portions of the M&R to which plaintiff made no objection, the court is satisfied that there is no clear error on the face of the record.

The court has reviewed de novo the portions of the M&R to which plaintiff objected. The scope of judicial review of a final decision regarding disability benefits under the Social Security Act, 42 U.S.C. § 405(g), is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g); see, e.g., Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is evidence that a reasonable mind "might accept as sufficient to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotation omitted). It "consists of more than a mere scintilla of evidence but may be less than a preponderance." Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). This court may not reweigh the evidence or substitute its judgment for that of the Commissioner. See, e.g., Hays, 907 F.2d at 1456. Rather, in determining whether substantial evidence supports the Commissioner's decision, the court's review is limited to whether the Commissioner analyzed the relevant evidence and sufficiently explained her findings and rationale concerning the evidence. See, e.g., Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439–40 (4th Cir. 1997).

Plaintiff claims that she does not have enough time to thoroughly object to the M&R, but filed a typed, 31-page objection with exhibits [D.E. 44], and a typed, 15-page amendment [D.E. 46]. The court has reviewed the entire record and the arguments de novo. Plaintiff's arguments essentially restate what she argued to Judge Gates. See id. The arguments merit no further discussion beyond Judge Gates's cogent analysis in the M&R, and defendant's response to the objections [D.E. 45]. The court adopts the M&R [D.E.41]. Thus, plaintiff's objections to the M&R

2

[D.E. 44, 46] are OVERRULED, plaintiff's motion for summary judgment [D.E. 25] is DENIED, plaintiff's motion for default judgment [D.E. 28] is DENIED, plaintiff's motion to amend her summary judgment motion [D.E. 30] is GRANTED, defendant's motion for judgment on the pleadings [D.E. 33] is GRANTED, defendant's final decision is AFFIRMED, and this action is DISMISSED. The clerk shall close the case.

SO ORDERED. This **26** day of August 2014.

                                                JAMES C. DEVER III
                                                Chief United States District Judge